[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-14839
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02469-CV-CO-W

STATE FARM FIRE AND CASUALTY COMPANY,

Plaintiff-Counter-Defendant
Third-Party-Defendant-Appellee,

versus

DIANE SIMMONS,

Defendant-Counter-Claimant
Third-Party-Plaintiff-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 8, 2007)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Diane Simmons appeals the district court's grant of State Farm's motion for summary judgment in her action against State Farm. The district court concluded Simmons' claims should be dismissed because they were barred by the doctrine of judicial estoppel. Specifically, the district court found Simmons did not disclose her potential claims against State Farm in her pending bankruptcy case, despite numerous opportunities to do so, and that the failure to disclose was calculated to make a mockery of the judicial system.

Under the doctrine of judicial estoppel, "a party is precluded from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'" *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (citation omitted). We consider two factors in the application of judicial estoppel. *Id.* First, the allegedly inconsistent positions must have been made under oath in a prior proceeding. Second, the inconsistencies must have been calculated to make a mockery of the judicial system. *Id.*

After review, we conclude the district court did not err in dismissing Simmons' claims based on judicial estoppel. We affirm for the reasons stated in the district court's well-reasoned opinion of August 2, 2006.

AFFIRMED.